IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SAMUEL JACKSON, #1151723 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv323 |
| SGT. UNKNOWN SWEAT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Before the Court is the Motion to Dismiss filed by Defendants Sgt. Mable Sweat, Susan Cunningham, and David Sieg, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Dkt. #54). For the reasons explained below, the Court recommends that the Motion to Dismiss be DENIED, without prejudice, as moot.

**I.     Background**

Plaintiff Samuel Jackson, proceeding *pro se* and *in forma pauperis*, filed his Original Complaint asserting that the defendants have been deliberately indifferent to his health and safety under the Eighth Amendment pursuant to 42 U.S.C. § 1983. (Dkt. #1). Plaintiff specifically asserts that Defendants failed to protect him from an inmate assault.

On June 21, 2022, the Court ordered Plaintiff to replead to cure certain deficiencies in his pleadings. (Dkt. #33). He filed his first Amended Complaint on July 18, 2022. (Dkt. #36). In response to the Court's Order to Answer and Scheduling Order (Dkt. #48), Defendants Sweat, Cunningham, and Sieg filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. #54). Plaintiff filed a response in opposition that was construed as motion for leave to file an amended complaint to cure deficiencies. (Dkt. #56). The Court granted

Plaintiff's motion for leave and directed him to file his amended complaint within 45 days of receipt of the Order. (Dkt. #57).

On January 22, 2024, Plaintiff filed his Second Amended Complaint (Dkt. #61). Plaintiff then filed a supplement to his Second Amended Complaint on February 1, 2024. (Dkt. #62). Plaintiff's Second Amended Complaint (Dkt. #61) and supplement (Dkt. #62) are the operative pleadings in this case.

**II.     Discussion and Analysis**

An amended complaint supersedes the original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). An amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss to dismiss the original complaint. *McMurdy v. Boston Scientific Corp.*, No. 2:19-cv-301-JRG, 2019 WL 6131296 (E.D. Tex. Nov. 19, 2019); *see, e.g.,Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot.").

An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *La. Fiber Corp., v. Fireman's Fund Ins. Co.*, 105 F.3d 665 (5th Cir. 1996) (quoting *King*, 31 F.3d at 346). A motion to dismiss that is addressed to the nullified original complaint is therefore moot, because no relief can be granted based upon the original complaint.

The Court, having carefully reviewed the Plaintiff's Second Amended Complaint with supplement and Defendants' Motion to Dismiss, concludes that Defendants' Motion to Dismiss should be denied as moot. The Court recommends that a denial of Defendants' Motion to Dismiss should be without prejudice. *See Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motion to dismiss and for judgment on the pleadings are denied without prejudice as moot.").

RECOMMENDATION

Accordingly, it is recommended that Defendants Sweat, Cunningham, and Sieg's Motion to Dismiss (Dkt. #54) be **DENIED** without prejudice, as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 5th day of February, 2024.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

3