IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SAMUEL JACKSON, #1151723 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv323 |
| SGT. UNKNOWN SWEAT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Before the Court is Defendants Sgt. Mable Sweat, Susan Cunningham, and David Sieg's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (Dkt. #65) and Defendant Maria Ponce's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (Dkt. #73). Plaintiff Jackson's Motion for Judgment on the Pleadings (Dkt. #78) is also before the Court. For the reasons hereinafter explained, the Court recommends that Defendants Sweat, Cunningham, Sieg, and Ponce's respective motions to dismiss (Dkt. ##65, 73) be granted. The Court further recommends that Plaintiff's Motion for Judgment on the Pleadings (Dkt. #78) be denied.

I.      **Procedural Background**

Plaintiff Samuel Jackson, proceeding *pro se* and *in forma pauperis*, filed his Original Complaint asserting that the defendants were deliberately indifferent to his health and safety under the Eighth Amendment pursuant to 42 U.S.C. § 1983. (Dkt. #1). Plaintiff specifically asserts that Defendants failed to protect him from an inmate-on-inmate assault.

On June 21, 2022, the Court ordered Plaintiff to replead to cure certain deficiencies in his pleadings. (Dkt. #33). He filed his first Amended Complaint on July 18, 2022. (Dkt. #36). In response to the Court's Order to Answer and Scheduling Order (Dkt. #48), Defendants Sweat, Cunningham, and Sieg filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt.

#54). Plaintiff filed a response in opposition that was construed as motion for leave to file an amended complaint to cure deficiencies. (Dkt. #56). The Court granted Plaintiff's motion for leave and directed him to file his amended complaint within 45 days of receipt of the Order. (Dkt. #57).

On January 22, 2024, Plaintiff filed his Second Amended Complaint (Dkt. #61). Plaintiff then filed a supplement to his Second Amended Complaint on February 1, 2024. (Dkt. #62). Plaintiff's Second Amended Complaint (Dkt. #61) and his supplement (Dkt. #62) are the operative pleadings in this case. An amended complaint supersedes the original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). In addition to Defendants Sweat, Cunningham, Sieg, and Ponce, Plaintiff also sued Sgt. Warren and A. McElyea. The Office of Attorney General was not able to locate these defendants and obtain permission to represent them. Defendants Sgt. Warren and Unit Grievance Investigator A. McElyea are considered unserved defendants.

On February 7, 2024, Defendants Sweat, Cunningham, and Sieg filed their Motion to Dismiss (Dkt. #65) to Plaintiff's Second Amended Complaint. Defendant Ponce filed her Motion to Dismiss (Dkt. #73) to Plaintiff's Second Amended Complaint on March 21, 2024. In lieu of a response, Plaintiff filed a Motion for Judgment on the Pleadings (Dkt. #78) on July 17, 2024.

## II.      Plaintiff's Allegations

Plaintiff alleges Defendants were deliberately indifferent to his health and safety when they failed to protect him from an inmate-on-inmate assault on the Michael Unit. Plaintiff asserts that in May 2020, while he was living in 7 Building, H-Pod, 2 Section, 28 Cell, he reported to a floor officer a threat on his life made by an inmate in 25 Cell, two doors down from his cell. (Dkt. #61 at 3-4, Dkt. #61-1 at 1-2). He believes the floor officer reported the threat to Sgt. Mable Sweat (Dkt. #61 at 4). Plaintiff states that the floor officer told him to write it up, she didn't care, and that they were short staffed. (Dkt. 61-2 at 2). The Court notes that Plaintiff did not sue the floor officer.

Plaintiff further claims that Sgt. Sweat told the floor officer to tell Plaintiff to "write it up." He, however, does not allege that he spoke directly to Sgt. Sweat regarding the threats. Plaintiff states that he "wrote it up" on Friday May 22, 2020. Plaintiff states that he wrote a Step 1 grievance on May 22, 2020 to get "Bay Bay," the inmate in 25 Cell, moved to a different building or housing pod. (Dkt. #61-2 at 3). He believes the grievance was picked up on May 26th as May 25th was a holiday [Memorial Day]. (*Id*).

Plaintiff next claims that he set two fires in his cell to show the staff that he was telling the truth about the threat. (Dkt. #61, Dkt. #61-2 at 3). He states that on May 23, 2020, he "got rank" to his housing pod (H-pod) between 8 p.m. and 10 p.m. and he spoke to only Sgt. Warren and Sgt. Sieg. (Dkt. #61-2 at 3). He claims that the housing pod's camera will show Sgts. Warren and Sieg walking back and forth between his cell [Cell 28] and Cell 25 investigating the problems on May 23, 2024. (*Id*.). He asserts that they did not shake-down or search for the fan motor that Plaintiff claims the inmate in Cell 25 had. He believes that the inmate in Cell 25 was going to attack him with the fan motor. He alleges that the officers said to just kill each other, and they will just write it up.

Plaintiff asserts that he was assaulted by a broom handle thrown through his cell bars between May 23, 2020 and May 25, 2020. (Dkt. #61-1 at 2). He claims that the inmate in 41 Cell was swinging the broom handle inside Plaintiff's cell and throwing it at his head. (Dkt. #61-2 at 3–4). He alleges the inmate in Cell 25 told the inmate in Cell 41 to get Plaintiff. The broom hit his right hand causing him pain.

On May 26, 2020, Plaintiff asserts he ran off H-pod, and reported to 1 Building (the administrative building) all the happenings that had occurred over the weekend. He was placed in 11 Building (Transient Housing) while the Offender Protection Investigation (OPI) was being

3

conducted. (Dkt. #61-2 at 4). Security Threat Group (STG) Officer Ponce conducted the investigation. Plaintiff states that he told Officer Ponce that "Bay Bay" in Cell 25 needed to be moved from 7 Building because other inmates would attack "Bay Bay" because "Bay Bay" was threatening to attack Plaintiff. He alludes that he did not cooperate with the investigation because he refused to provide the names of the inmates that he believed were going to attack the inmate in Cell 25. He believes that STG Officer Ponce had Plaintiff shipped to another unit to cover up Plaintiff's story. (Dkt. #61-2 at 5). Plaintiff alleges that STG Officer Ponce caused him mental and deep emotional pain.

The *Martinez* Report records reflect that Plaintiff's grievance was received on May 26, 2020. (Dkt. #29). The grievance was logged as an OPI and investigated. Based on the information gathered, the Unit Classification Committee recommended that Plaintiff be transferred to another unit for his safety to the State Classification Committee on June 1, 2020. (*Id*.). The State Classification Committee reviewed the recommendation and directed that Plaintiff be transferred to another unit on June 2, 2020. (*Id*.). Plaintiff was transferred to the Polunsky Unit on June 26, 2020.

**III. Standard of Review**

Defendants Sweat, Cunningham, Sieg, and Ponce move to dismiss Plaintiff's claims against each under Rule 12(b)(6) for failure to state a claim. When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–330 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.* at 678.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

Because Defendants have filed their respective Rule 12(b)(6) motions, the undersigned Magistrate Judge construes the complaint in favor of Plaintiff and has accepted as true all well-

pleaded facts. *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421. By contrast, while a motion to dismiss challenges a complaint's legal sufficiency, a post-discovery motion for summary judgment evaluates whether a genuine issue of material fact remains after considering both sides' proffered evidence." *Rader v. Cowart*, 543 F. App'x 358 (5th Cir. 2013); *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).

Unserved and defaulting former officials are entitled to the "benefit from the appearing defendant's favorable [ ] motion." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *see also Block v. Samuels*, No. H0-4-4861, 20006 WL2239016, at *9 (S.D. Tx. Aug. 6, 2006). To the extent that Defendants Sweat, Cunningham, Sieg, and Ponce prevail on any claim raised in their respective motions to dismiss, unserved Defendants Sgt. Warren, and A. McElyea are likewise entitled to the benefit of having any claim dismissed pursuant to Rule 12(b)(6). "[W]here a defending party establishes that plaintiff has no cause of action … this defense generally inures also to the benefit of a defaulting defendant." *Id*. at 768.

## IV.  Discussion and Analysis

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994); *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). This duty, which is grounded in the Eighth Amendment's prohibition against cruel and unusual punishments, is nevertheless a limited one. *Farmer,* 511 U.S. at 832-34. The Eighth Amendment mandates "reasonable" safety, not "absolute" safety. *Newton v. Black,* 133 F.3d 301, 308 (5th Cir. 1998); *Lopez v. LeMaster,* 172 F.3d 756, 759 (10th Cir. 1999) ("We recognize at the outset that neither prison officials nor municipalities can absolutely guarantee the safety of their prisoners."). Every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials responsible for a prisoner's safety. *Farmer,* 511 U.S. at 834. The substantial risk and need for protection must be obvious to the custodial officials in order to trigger the inmate's Eighth Amendment rights, and prison officials are not required to guarantee that no attack ever will occur. *See Newton,* 133 F.3d at 308.

To prevail on a failure to protect claim, a prisoner must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Farmer,* 511 U.S. at 832-34; *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999). A prison official is deliberately indifferent to a prisoner's safety where the official is aware of a substantial risk of harm to the prisoner but disregards that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 847; *Cantu v. Jones,* 293 F.3d 839, 844 (5th Cir. 2002). To act with deliberate indifference, a prison official must be "subjectively aware" of the risk; that is, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,*

7

511 U.S. at 837. Even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844. Only deliberate indifference will suffice to state a failure to protect claim; mere negligence is not sufficient. *Id.* at 837. The test for establishing deliberate indifference is one of subjective recklessness as used in the criminal law. *Id.* at 837.

The deliberate indifference standard is an extremely high standard to meet. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). The Fifth Circuit has declined to find deliberate indifference where an official "should have" inferred a risk posed to an inmate; the official must actually draw such an inference. *Adames v. Perez,* 331 F.3d 508, 514 (5th Cir. 2003).

1. Sgt. Sweat

The first element of Plaintiff's claim requires him to plead facts showing that each defendant was aware or knew of the substantial risk of danger to his safety. *Farmer,* 511 U.S. at 847. He does not provide any facts that he directly spoke to Sgt. Sweat and told her of the threat. Instead, he contends that he told the floor officer who allegedly told Sgt. Sweat. Plaintiff presumes that the floor officer told Sgt. Sweat that the inmate in Cell 25 was threatening to attack Plaintiff. He does not assert that he witnessed the floor officer telling Sgt. Sweat about the threat. His subjective belief that Sgt. Sweat knew of the threat to Plaintiff's safety is not sufficient to establish that Sgt. Sweat was aware of the risk.

To be plausible, Plaintiff's complaint "[f]actual allegations must be enough to raise a right to relief above the speculative level." *In re Great Lakes Dredge & Dock Co. LLC,* 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer*

*v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Plaintiff fails to set out sufficient facts to show that Sgt. Sweat was aware of the risk. He has failed to state a claim that rises to the level of a constitutional violation.

  2. Sgt. Cunningham

In his Amended Complaint (Dkt. #61 at 3), Plaintiff asserts that Sgt. Cunningham covered up the dayroom video to make him look like a liar. He is not contending that Sgt. Cunningham was aware of the substantial risk to Plaintiff's health or safety by "Bay Bay" (the inmate in Cell 25). Rather, he complains that Sgt. Cunningham did not store or maintain the dayroom video during that time after the fact. Plaintiff further asserts that Sgt. Cunningham and STG Ponce are friends. (Dkt. #61-2 at 3). He states that he filed a grievance for Sgt. Cunningham to maintain the video. The allegations, taken as true, do not state a claim for deliberate indifference as to health or safety. At most, Plaintiff is alleging Sgt. Cunningham did not maintain potential discovery pertaining to his claims; however, Plaintiff does not state the video has been actually lost or destroyed.

Plaintiff does not allege that Sgt. Cunningham was aware of the threats made by "Bay Bay" or that the inmate in Cell 41 was trying to hit him with a broom. Plaintiff's complaint about the video from his housing pod regards events that took place after his problems with "Bay Bay" and the inmate in Cell 41. He has failed to state a claim that rises to the level of a constitutional violation against Sgt. Cunningham.

3. Sgt. Sieg

Plaintiff states that on May 23, 2020, he set a fire in his cell to have rank come to his cell. (Dkt. #61-2 at 3). Sgt. Warren and Sgt. Sieg responded. He states that he told them about his issues with "Bay Bay" and that they began to walk back and forth between his cell [Cell 28] and Cell 25 investigating the problem. He contends that the housing pod's camera will show Sgts. Warren and Sieg walking back and forth between the cells and will support his statements. (*Id.*). He asserts that they did not shake-down or search for the fan motor that Plaintiff claims the inmate in Cell 25 had.

Here, Plaintiff has alleged facts to show that Sgt. Warren and Sgt. Sieg were made aware by Plaintiff of "Bay Bay's" threats. *Farmer,* 511 U.S. at 837. Plaintiff provides that based on the information given, the officers interviewed the two inmates regarding the cause, credibility, and possible resolution of the threats. (Dkt. #61-2 at 3). The officers took some action, even though the disagreement between the two inmates was not ultimately resolved. Even if a prison official is subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

In this instance, Plaintiff's facts show that the officers took some action and that his allegations were not disregarded. To the extent that Plaintiff is complaining that the officers did not search "Bay Bay's" cell, he is complaining about the degree of the response. Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001).

To the extent that Plaintiff alleges that the officers said for "the inmates to just kill each other," their actions belie their words. As asserted by Plaintiff, the officers spent time with each inmate assessing the creditability and seriousness of the threat. Plaintiff concedes that the officers

10

did investigate his claim that "Bay Bay" was threatening him. Once a defendant is aware of a substantial risk to harm or safety, the defendant is required to take some reasonable action to attempt to alleviate the risk. The fact that the officers reached a different conclusion regarding the threat than Plaintiff is not sufficient to state a deliberate indifference claim. Plaintiff does not allege any facts that the officers' action of investigating the situation is an "unreasonable measure to abate the identified risk of serious harm." *Farmer* at 847. Plaintiff fails to allege facts that rise to the level of a constitutional claim against Sgt. Sieg.

   4. STG Ponce

Plaintiff does not assert any involvement by STG Ponce until after Plaintiff was hit on the hand by the broom. He does not claim that she knew of the threats by "Bay Bay" (the inmate in Cell 25) before she started the OPI investigation or was present when the inmate in Cell 41 was trying to hit him with the broom. *See Perez v. Anderson*, 350 F. App'x 959 (5th Cir. 2009) (per curiam) (holding that prison officials do not violate the Constitution if they take no action to protect inmates from an unknown risk).

He concedes that STG Ponce conducted the OPI investigation after the fact. He simply does not allege that STG Ponce knew of and disregarded a substantial risk of serious harm to his health and safety.

Plaintiff is disgruntled with Defendant Ponce because it was Plaintiff that transferred off the Michael Unit rather than "Bay Bay." His claims that she lied, engaged in a possible conspiracy with Stg. Cunningham, based on their friendship, to have Plaintiff shipped to another unit, and actually had him shipped to a new unit to cover up his story are not actionable. None of these allegations, accepting them as true, state a constitutional claim. *See Bibs v. Early*, 541 F.3d 267, 271 (5th Cir. 2005) (holding a prisoner has no constitutionally protected interest in a particular

facility). Plaintiff has presented no facts to show that there was an agreement between STG Ponce and anyone else to commit an illegal act and actual deprivation of Plaintiff's constitutional rights in furtherance of a conspiracy. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). Plaintiff has failed to state a claim against STG Ponce that rises to the level of constitutional violation.

   5.  <u>Plaintiff's Motion for Judgment on the Pleadings</u>

In lieu of a response to Defendants' respective motions to dismiss, Plaintiff filed a Motion for Judgment on the Pleadings against STG Maria Ponce pursuant to Rule 12(c). (Dkt. #78). Plaintiff's motion is silent regarding Defendants Sweat, Cunningham, and Sieg's Motion to Dismiss.

Plaintiff moves for a judgment against STG Ponce on the basis that her appearance in this named and numbered cause is untimely. In order to support his argument that Defendant Ponce's answer or appearance is untimely he must rely on documents outside the four corners of Plaintiff's complaint and attachments. A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

When ruling on a Rule 12(c) motion, the court is generally constrained to consider only the complaint and not the contents of any other documents. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When no documents are attached to and filed along with the complaint, a court deciding a motion pursuant to Rule 12(c) ordinarily either excludes consideration of any other additional documents or converts the motion to a motion for summary judgment under Rule 56 and then considers the additional documents. Rule 12(d), Fed. R. Civ. P.

12

On the basis of Plaintiff's complaint alone (Dkt. ##61, 62), the Court cannot determine whether STG Ponce's answer or appearance in this action is timely. Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12(c) is not well taken and should be denied.

## RECOMMENDATION

Accordingly, it is recommended that Defendants Sweat, Cunningham, and Sieg's Motion to Dismiss (Dkt. #65) be granted. It is recommended that Defendant Ponce's Motion to Dismiss (Dkt. # 73) be granted. It is further recommended that Plaintiff's claims against unserved Defendants Warren and McElyea be dismissed. It finally recommended that Plaintiff's Motion for Judgment against STG Maria Ponce (Dkt. #78) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 21st day of August, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE